# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00198-MR-WCM

| | |
|---|---|
| **HEATHER CHRISTIAN,** on behalf of herself and others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) **CONVERGENT OUTSOURCING, INC.,** ) ) ) Defendant. ) ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Remand" [Doc. 9].

**I.  BACKGROUND**

On July 12, 2021, the Plaintiff Heather Christian (the "Plaintiff") initiated this action against Convergent Outsourcing, Inc. (the "Defendant") in the Avery County General Court of Justice, Superior Court Division. [Doc. 1-1]. In her Complaint, the Plaintiff alleges that the "Defendant unreasonably disclosed, communicated, and/or publicized information regarding Plaintiff's debt and all others similarly situated to another person" in violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 *et seq.* [Id.

at ¶¶ 1-2, 36-57, 58-64]. The Plaintiff also alleges that the Defendant violated the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1. [Id. at ¶¶ 65-72].

On July 30, 2021, the Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441. [Doc. 1]. The Court exercised federal question jurisdiction over the FDCPA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367.

On August 30, 2021, the Plaintiff filed her Amended Complaint, reasserting her federal and state claims against the Defendant and adding a claim for violation of the North Carolina Collection Agencies Act, N.C. Gen. Stat. § 58-70 *et seq.* [Doc. 5].

On March 4, 2022, the Plaintiff moved to remand this action to state court (the "Motion to Remand"), contending that the Defendant's alleged violation of the FDCPA caused the Plaintiff no legally cognizable injury, and the elements of Article III standing were therefore unsatisfied as to that claim. [Doc. 9]. Because the FDCPA claim was the sole basis for federal subject-matter jurisdiction, the Plaintiff further requested that the Court decline to exercise supplemental jurisdiction over the remaining state-law claims and remand the entire action to Avery County Superior Court. [Id.].

2

Case 1:21-cv-00198-MR-WCM   Document 13   Filed 08/08/22   Page 2 of 4

On March 16, 2022, the Defendant responded to the Motion to Remand. [Doc. 10]. On March 18, 2022, the Plaintiff replied. [Doc. 11].

On July 12, 2022, the parties filed a joint stipulation, dismissing the FDCPA claim without prejudice. [Doc. 12].

## II. DISCUSSION

The Motion to Remand asks the Court to decide whether the Plaintiff's FDCPA claim involves an injury sufficient to support Article III standing. [Doc. 9]. While such motion was pending, the FDCPA claim was dismissed by joint stipulation. [Doc. 12]. Under Article III of the Constitution, federal courts are barred from "deciding issues that will not affect the rights of the parties to the case." Johnson v. Charlotte-Mecklenburg Sch. Bd. of Educ., 20 F.4th 835, 842 (4th Cir. 2021) (citation omitted). Because the FDCPA claim has been dismissed, any opinion regarding such claim will have no effect on the rights of the parties. Therefore, the Court may not decide the question presented by the Motion to Remand.

The dismissal of the FDCPA claim also raises the issue of whether the Court should decline to continue exercising supplemental jurisdiction over the remaining state-law claims. See Kendall v. City of Chesapeake, 174 F.3d 437, 444 (4th Cir. 1999). Under 28 U.S.C. § 1367(c)(3), a federal court may decline to exercise supplemental jurisdiction over state-law claims

3

where all of the claims over which the court maintained original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). Where, as here, the claim over which the Court possessed original jurisdiction has been dismissed in the early stages of litigation, principles of "judicial economy, convenience, fairness, and comity" generally favor remanding the remaining state-law claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)). Pursuant to such principles, the Court declines to continue exercising supplemental jurisdiction over the Plaintiff's state-law claims and elects to remand this action to Avery County Superior Court. See Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc. 9] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that this case is hereby **REMANDED** to the Avery County General Court of Justice, Superior Court Division.

**IT IS SO ORDERED.**

Signed: August 6, 2022

Martin Reidinger
Chief United States District Judge